**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,**

v.

**NATIONAL BANKERS LIFE INSURANCE COMPANY et al., Defendants,**

**Tom Max Thomas et al., Defendants-Appellants.**

**No. 71-3599.**

United States Court of Appeals, Fifth Circuit.

April 18, 1973.

Larry Huelbig, Dallas, Tex., for Thomas.

Willard Herbert, Dallas, Tex., for Osorio.

Charles P. Storey, Dallas, Tex., for Carr.

Robert M. Cady, Dallas, Tex., for Hoover.

John Bass, Dallas, Tex., Gene M. Gardner, Duncan, Okl., for So. Atlantic Corp.

G. Bradford Cook, Gen. Counsel, S. E. C., Washington, D. C., Gerald E. Boltz, Robert F. Watson, Ernest Steve Watson, Fort Worth, Tex., Walter P. North, Associate Gen. Counsel, Jacob H. Stillman, Asst. Gen. Counsel, Alan Blank, Sp. Counsel, S.E.C., Washington, D. C., for plaintiff-appellee.

Arthur F. Mathews, A. Douglas Melamed, John H. Korns, II, amicus curiae for Jarrell B. Ormand, Washington, D. C.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this case the Securities and Exchange Commission filed a civil action to permanently enjoin certain corporations and individuals from distributing unregistered securities and engaging in fraudulent manipulative practices in connection with the sale of securities.

Prior to the judgment below, nine of the defendants had agreed to permanent injunctions and the SEC had dismissed five defendants without prejudice to refiling. Of the original 28 defendants in this case, only the following actively contested at trial the issuance of an injunction: J. Quincy Adams, Audy Byram, Waggoner Carr, James Farha, David Hoover, John Osorio, Phillip Proctor, Tom Max Thomas, and South Atlantic Company [SAC].[1] Nashwood Corporation was in default and the following did not actively contest the allegations of the complaint: Frank W. Sharp, Sharpstown Realty Co., Oak Forest Realty Co., and Oak Forest Investment Co.

Only four of the defendants, Waggoner Carr, David Hoover, John Osorio and South Atlantic Corporation, have appealed the judgment of the district court.

In an opinion [2] which discusses thoroughly the facts, Judge Sarah T. Hughes held that the facts were ample to illustrate that there were manipulations, misrepresentations and fraud sufficient to constitute violations of the securities laws, and that a permanent injunction should be ordered.

Each of the appellants allege that the facts are insufficient to justify his inclusion in the group covered by the injunction. An exhaustive study of the record of this case shows ample evidence to establish that each appellant was sufficiently connected with this complex affair to support the findings of involvement in past, present or imminent future violations so as to justify an injunction against manipulations *in futuro*.

The judgment is affirmed.

COLEMAN, Circuit Judge (concurring in part and dissenting in part):

With no difficulty at all I can, and do, concur in the opinion of this Court affirming the judgment below as to David Hoover, John Osorio, and South Atlantic Corporation.

As to the remaining appellant, Waggoner Carr, I have serious doubt.

As the opinion points out, this was indeed a "complex affair". The trial record consumed 2,533 pages. Since I am in agreement as to all appellants except one, I restrict my discussion to the findings of the District Court applicable to Mr. Carr. These findings are reported, 334 F.Supp. 452–453:

L. Waggoner Carr

1. At all times pertinent hereto defendant Waggoner Carr was a controlling shareholder of Nashwood.

2. Between approximately October of 1968 and June 1970 defendant Carr was a controlling shareholder and director of CB&T.

3. Between approximately October of 1969 and May of 1970 defendant Carr was chairman of the board and a member of the loan committee of CB&T.

4. At all times pertinent hereto defendant Carr was a controlling shareholder of SAC and RIC.

1. The original 28 defendants in this case were: National Bankers Life Insurance Co., National Bankers Life Insurance Co. Employees Retirement Plan, Master Control, Inc., Olympic Life Insurance Company, Nashwood Corporation, Flap, Inc., South Atlantic Company, Sharpstown Realty Company, Oak Forest Realty Company, Oak Forest Investment Company. Sharpstown State Bank, Dallas Bank & Trust Company, Frank W. Sharp, John Osorio, J. Quincy Adams, Waggoner Carr, Joseph P. Novotny, Tom Max Thomas, Sam Stock, Michael F. Ling, Donald S. Akins, Phillip I. Proctor, William B. Strange, Jr., James Farha, David Hoover, Audy Byram and H. E. McCain.

2. Securities & Exchange Commission v. National Bankers Life Insurance Company, 334 F.Supp. 444 (N.D.Tex.1971).

5. Between approximately April of 1969 and July of 1970 defendant Carr was a director, a vice president and chairman of the executive committee of RIC.

6. Between approximately April of 1969 and June of 1970 defendant Carr was a controlling shareholder of DB&T.

7. In his capacity as a controlling person of CB&T, defendant Carr approved the CB&T loan of $550,000.00 to Osorio and Carr, secured by 222,735 shares of SAC stock. While a controlling person and chairman of the board of CB&T and a controlling person of DB&T, those entities participated in a loan of $641,000.00 to NBL Plan, for the purpose of purchasing 22,500 shares of NBL stock.

8. As a controlling person, chairman of the board and member of the loan committee of CB&T, defendant Carr arranged for CB&T to make loans totaling approximately $165,-371.23 to FLAP, Inc. to enable FLAP, Inc. to purchase stock of NBL and OLI from Ling & Co.

9. As a controlling person of Nashwood and DB&T, defendant Carr approved the Nashwood purchase of NBL stock and used DB&T to finance such purchase, as more fully set out in paragraph J. 4. While a controlling person of Nashwood, which in turn owned West Virginia Life Insurance Company, that entity purchased MCI stock from Ling & Co., as more fully set out in paragraph J. 10.

10. As a controlling person of Nashwood, defendant Carr pledged 66,666 shares of NBL stock at SSB, as more fully described in paragraph J. 3.

As to whether these findings justified an injunction against Carr, his counsel cogently urges:

Carr's pledge of unregistered stock was not a violation of the Securities Act, that the Commission failed its burden of proving that Carr aided and abetted the unlawful pledge of stock as collateral, that there is no evidence that Carr aided and abetted a scheme to manipulate and defraud, and that there was no evidence that Carr used the mails or an instrumentality of commerce.

Upon consideration of the record as a whole, and particularly the specific findings as to this appellant, I would reverse and remand with directions that as to him the injunction be dissolved.